UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO.: 5:06-CV-00127-R

HEARTLAND MANUFACTURED HOMES, LLC                                         PLAINTIFF

v.

PINNACLE TRANSPORTATION SYSTEMS, INC.                               DEFENDANT

## ORDER AND OPINION

A Summons was executed on Defendant's agent for service of process. (Docket # 3). In response, Plaintiff received a letter from Defendant's agent for service of process informing it that the Summons was not properly addressed to effect service. (Docket # 4). After the time for Defendant to file an Answer had passed, Plaintiff filed for Default Judgment. (Docket # 5). Defendant filed an Objection to the Motion for Default Judgment (Docket # 6) and a combined Motion for Leave to File an Answer and Response to the Motion for Default Judgment (Docket # 7). Plaintiff filed a Reply to Defendant's Response to the Motion for Default Judgment (Docket # 8) and responded to Defendant's Motion for Leave to File an Answer (Docket # 9). Defendant then replied to Plaintiff's Response to the Motion for Leave to File an Answer. (Docket # 10). The matter is now ripe for adjudication. The Court hereby DENIES Plaintiff's Motion for Default Judgment, and GRANTS Defendant's Motion for Leave to File an Answer.

## BACKGROUND

Plaintiff filed a Complaint in this case seeking damages allegedly incurred while Defendant transported a manufactured home owned by Plaintiff from Hart, Indiana, to Paducah,

Kentucky.  The manufacturer of the home, Forrest River Housing, Inc., was responsible for preparing the home for shipping by installing plastic sheathing to protect the home from water damage in transit.  Defendant's delivery of the home was delayed by severe rainstorms, and rain water leaked into the home and caused the damages for which Plaintiff sued.  Defendant claims that the plastic sheathing was improperly installed by the manufacturer, while Plaintiff contends that the plastic sheathing was damaged in transit and Defendant is liable for neglecting to fix it.  After this incident, Defendant claims that Plaintiff withheld payment of freight charges for other deliveries made by Defendant where no damages were claimed.  On August 4, 2006, Plaintiff filed the Complaint in this matter.  Before receiving notice of this action, Defendant retained attorney Timothy Abeska to represent it with regard to Plaintiff's claims.  On August 17, Defendant faxed Plaintiff a letter informing it that Mr. Abeska was serving as Defendant's representative in this matter.

When serving the Complaint in this matter, Plaintiff relied only upon Defendant's official Corporate Registration listed with the Nevada Secretary of State.  This document listed Defendant's resident agent for service of Process as: Nevada First Holdings, Inc., 1117 Desert Lane, Las Vegas, Nevada.  Accordingly, Plaintiff labeled its Complaint for service, via the Kentucky Secretary of State, to Nevada First Holdings.  The Summons was executed upon Nevada First Holdings on August 25, 2006.  Three days later, Nevada First Holdings directed a letter to the Kentucky Office of the Secretary of State returning the Summons because (1) Nevada First Holdings is not directly named as a party in the action; and (2) the "Summons [was] not addressed correctly to reflect proper Resident Agency notification with the appropriate directions."  No attempt was made to serve the Summons a second time, and Mr. Abeska was not

noticed that a suit had been filed. Neither Defendant nor its attorney were notified of the impending lawsuit through its agent for service of process and did not file a timely Answer in this matter. When no Answer was filed, Plaintiff moved for Default Judgment against Defendant. Mr. Abeska's receipt of the Motion for Default Judgment was Defendant's first notice that this suit had been filed.

## STANDARD

In reviewing a motion for default judgment, the Court is to consider "[1] whether the plaintiff will be prejudiced; [2] whether the defendant has a meritorious defense; and [3] whether culpable conduct of the defendant led to the default." *INVST Fin. Group, Inc. v. Chem-Nuclear Sys.*, 815 F.2d 391, 398 (6th Cir. 1987) (citing *United Coin Meter Co. v. Seaboard Coastline*, 705 F.2d 839, 846 (6th Cir. 1983)). The Sixth Circuit shows a strong preference for deciding a case on the merits, rather than by default judgment. *United Coin Meter Co.*, 705 F.2d at 846 (citing *Tozer v. Krause Milling Co.*, 189 F.2d 242, 243 (3rd Cir. 1951)) ("Any doubt should be resolved in favor of the petition to set aside the judgment so that cases may be decided on the merits."). "The court 'should construe [] all ambiguous or disputed facts in the light most favorable to the defendant [],' and 'any doubt should be resolved in favor of the defendant.'" *INVST*, 815 F.2d at 398 (quoting *Jackson v. Beech*, 636 F.2d 831, 835 (D.C. Cir. 1980)).

## ANALYSIS

Defendant contends that it can assert viable defenses to Plaintiff's claims. In particular, Defendant states that it might present a factual basis that the leak which caused damage to the

3

home in transport was caused by Forrest Rover Housing's insufficient packaging of the home or by extreme weather conditions. It is not necessary that the Defendant show a likelihood of success on the merits of the case, only that he advance any defense which resounds in the law. *Id.* (quoting *United Coin Meter Co.*, 705 F.2d at 845). Therefore, the Court finds that Defendant has shown a meritorious defense.

To find that the Defendant's culpable conduct caused the default, the Court must find that "the conduct... display[ed] either an intent to thwart judicial proceedings or a reckless disregard for the effect of [the] conduct on those proceedings." *Shepard Claims Serv. Inc. v. William Darrah & Assocs.*, 796 F.2d 190, 194 (6th Cir. 1986). It is clear that Defendant did not cause the default by attempting to avoid addressing the claims in this matter; Defendant informed the Plaintiff of its retention of counsel even before the Complaint was served and responded to the Motion for Default Judgment promptly. Certainly, the Defendant did not act culpably in failing to respond to a Complaint that was not received by its counsel, particularly when Plaintiff *was aware* that the Complaint had not been transmitted to the Defendant.

Lastly, the Court finds that the Plaintiff has not been prejudiced by Defendant's failure to promptly file an Answer. Plaintiff was on notice that the service was incomplete and that Nevada First Holdings had not transmitted the Complaint to Defendant. Yet, Plaintiff did not make a further attempt to amend service to the agent for service of process or contact Defendant's attorney to prevent delay in the litigation. Furthermore, Plaintiff does not cite any prejudice which would result from allowing Defendant to file an answer at this time. "Delay alone is not a sufficient basis for establishing prejudice... Rather, it must be shown that delay will result in the loss of evidence, create increased difficulties of discovery, or provide greater

opportunity for fraud and collusion." *INVST*, 815 F.2d at 398 (quoting *Davis v. Musler*, 713 F.2d 907, 913 (2nd Cir. 1983)) (internal citations omitted). Here, Plaintiff has not alleged any discovery difficulties that will be caused by the delay. Furthermore, Plaintiff's retention of freight charges otherwise owed to Defendant during the resolution of these claims alleviates the risk that Plaintiff will suffer from lack of revenue during this litigation.

## CONCLUSION

IT IS HEREBY ORDERED that Plaintiff's Motion for Default Judgment be DENIED. Defendant's Motion for Leave to file an Answer is GRANTED.